IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IVAN COLON PEREZ, GRACIELA ESTARELLAS SABATER and the conjugal partnership constituted by them, both individually and as members of Constellation Health, LLC; MARISOL PIQUER MERINO; CONSTELLATION HEALTH, LLC<br><br>Plaintiffs<br><br>vs<br><br>JAVIER RIVERA RIOS, individually and as the Puerto Rico Insurance Commissioner, his spouse JANE DOE and the conjugal partnership constituted by them; WILMA ROSARIO RODRIGUEZ, individually and as the Auxiliary Rehabilitator of CONSTELLATION HEALTH, LLC, her spouse JOHN DOE and the conjugal partnership constituted by them<br><br>Defendants | CIVIL 19-1775CCC |

**OPINION AND ORDER**

Pending before the Court are plaintiffs' Motion for Preliminary Injunction (**d.e. 2**) filed August 13, 2019; defendants' Opposition to Motion for Preliminary Injunction (d.e. 19) filed September 24, 2019; defendants' Motion to Dismiss for Failure to State a Claim (**d.e. 38**) filed November 12, 2019; and plaintiff's Opposition to Motion to Dismiss (d.e. 48) filed December 17, 2019.

These motions were referred to United States Magistrate Judge Bruce J. McGiverin, who issued a Report and Recommendation (**d.e. 51**) on December 20, 2019. Plaintiffs filed a timely Objection to the R&R (d.e. 53) on

January 3, 2020. Defendants filed a timely Objection to the R&R (d.e. 54) on January 4, 2020.

## BACKGROUND

Beginning in 2016, Constellation Health, LLC ("Constellation") was subject to rehabilitation and liquidation proceedings before the Puerto Rico Court of First Instance, San Juan Part (d.e. 35, para. 18 et seq.). As a result, defendants Javier Rivera Ríos, Puerto Rico Insurance Commissioner, and Wilma Rosario Rodríguez, Auxiliary Rehabilitator, were granted extensive powers over the management of Constellation. The plaintiffs, Constellation and its former employees Iván Colón Pérez ("Colón"), Graciela Estarellas Sabater ("Estarellas), and Marisol Piquer Marino ("Piquer"), allege that in exercising these powers, defendants violated plaintiffs' due process and First Amendment rights.

Specifically, plaintiffs identify two causes of action: a violation of procedural due process relating to the non-renewal of Constellation's Certificate of Authority, and a violation of First Amendment rights as to Constellation and its plaintiff employees. The First Amendment cause of action contains multiple claims, although they are not clearly differentiated. The Court reads the Amended Complaint (d.e. 35) to provide for the following First Amendment claims: first, plaintiffs Colón and Estarellas, who are married, claim that defendants retaliated against them in response to Colón's exercise of his freedom of expression ("Freedom of Expression Claims"). Second, plaintiffs Piquer and Constellation claim that defendants retaliated against them

in response to Constellation's exercise of "its right to petition the government to address its grievances" (d.e. 35, para. 57) ("Right to Petition Claims").

The Motion for Preliminary Injunction (**d.e. 2**) and Motion to Dismiss (**d.e. 38**) were referred to United States Magistrate Judge McGiverin for Report and Recommendation ("R&R").  Magistrate Judge McGiverin issued an R&R (**d.e. 51**) on December 20, 2019, recommending that the Court grant the Motion to Dismiss except as to Colón's Freedom of Expression Claim and moot the Motion for Preliminary Injunction except as to Colón's First Amendment Claim.

## STANDARD OF REVIEW

Courts must conduct a *de novo* review of the parts of an R&R to which specific, written objections have been made. See Fed. R. Civ. P. 72(b).  "Local Rule 72(d) further provides that such objections 'shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection.'" Velez-Padro v. Thermo King de P.R., Inc., 465 F.3d 31, 32 (1st Cir. 2006) (quoting L. Cv. R. 72(d)).  "Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)."  Id.  Upon review of objections properly made, courts may "accept, reject or modify, in whole or in part, the findings or recommendations" of the magistrate judge.  L. Cv. R. 72(d).

## DISCUSSION

**Plaintiffs' Objections**

    1.    <u>Plaintiff Estarellas' Freedom of Expression Claim</u>

Plaintiffs object to the R&R's recommendation that Estarella's Freedom of Expression Claim be dismissed. Estarellas alleges that defendants retaliated against her because of critical statements made by her husband, fellow plaintiff Colón. Generally, only a person who has herself engaged in protected conduct may sue for retaliation, which bars so-called "third-party retaliation" claims. An exception exists under the following conditions: "The litigant must have suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests [internal citations omitted]." <u>Powers v. Ohio</u>, 499 U.S. 400, 411 (1991).

    Plaintiff Estarella's claim meets the first two criteria: she has suffered an injury by being fired, and she has a close relationship to Colón as his spouse. However, the claim fails the <u>Powers</u> test at the third step: Colón has not been hindered from protecting his own interests, and has in fact brought his own retaliation claim. Accordingly, Estarella may not bring a third-party retaliation claim.

    Plaintiffs argue that Estarella's claim falls under a similar exception found in the Title VII context, where a third party has standing to bring a retaliation claim if she is married to the person who engaged in the protected conduct and both spouses work for the same employer. This exception has been upheld by the Supreme Court in <u>Thompson v. North American Stainless, LP</u>, 562 U.S.

170 (2010) on the basis of a broad interpretation of the standing requirement of 42 U.S.C. § 2000e–5(f)(1).    This statute is not applicable here and Thompson has been not been expanded outside Title VII.

Accordingly, the plaintiffs' objection is overruled.


2.    Plaintiff Piquer's Right to Petition Claim

Plaintiffs object to the R&R's recommendation that plaintiff Piquer's First Amendment Claim be dismissed. Piquer alleges that when Constellation exercised its right to petition the courts, defendants retaliated by firing her. Plaintiffs ask that the Court apply the Powers third-party retaliation test to her claim. However, no Court has extended Powers to a context where an individual alleges that she was retaliated against due to the protected conduct of a corporation.   See Bishay v. Am. Isuzu Motors, Inc., 404 F.3d 491, 495 (2005) ("when a corporation is injured, only the corporation, a receiver, or a stockholder suing derivatively in the corporation's name may sue to redress the injury.").   Accordingly, the Court overrules plaintiffs' objection.


3.    Due Process Claim

Plaintiffs object to the R&R's recommendation that all due process claims be dismissed.   Plaintiffs argue that Constellation has a protected property interest in its Certificate of Authority, relying on cases including Bell v. Burson, 402 U.S. 535, 539 (1971) and Guillemard-Ginorio v. Contreras-Gomez, 490 F.3d 31, 40 (1st Cir. 2007) for the well-established proposition that certain government-issued licenses and certificates may not be suspended or revoked without due process of law.   However, Constellation's Certificate of Authority

was not suspended or revoked, or even denied.  Rather, defendants, who were granted the power by the Puerto Rican courts to decide whether to apply for renewal of the Certificate of Authority, chose not to apply for renewal.

The situation before the Court is unique, as in normal circumstances a private company's decision to apply for renewal of certificate would not be made by a government official; therefore, a due process claim could almost never arise. Plaintiffs point to no case law extending protected property interests to an application for renewal, and to no statute protecting the right to apply for renewal.  Further, in this case, a finding that a protected property interest exists would interfere with the principle of comity by permitting plaintiffs to circumvent the court orders and statutes promulgated by the government of Puerto Rico.  Finally, any due process concerns are mitigated by the process established in the Puerto Rico Court of First Instance.  Constellation has the opportunity to fully litigate the liquidation and its terms pursuant to Puerto Rican law in that court.

After *de novo* review, the Court overrules plaintiffs' objection and finds that there is no protected property interest as to the application for renewal of a license.


4.    Preliminary Injunction

Plaintiffs object to the R&R's finding that the Motion for Preliminary Injunction (**d.e. 2**) is moot except as to plaintiff Colón's Freedom of Expression Claim.  As the Court adopts the R&R's recommendation that all claims except for Colón's Freedom of Expression claim shall be dismissed, the Court overrules plaintiffs' objection.

**Defendants' Objections**

    1.    <u>Plaintiff Colón's Freedom of Expression Claim</u>

Defendants object to the R&R's recommendation that plaintiff Colón's Freedom of Expression claim survive their Motion to Dismiss. Defendants argue that Colón has no cause of action because he was terminated on June 7, 2019, along with all other employees, while the statements that provide the basis for alleged retaliation were made after that date. In other words, defendants argue that retaliation could not have occurred because plaintiff Colón was fired prior to exercising his right to free speech.

The Amended Complaint does suggest that all Constellation employees including Colón, were terminated on June 7, 2019 due to the issuance of a Provisional Liquidation Order (d.e. 35, para. 31). However, plaintiffs allege that due to a stay of the liquidation order issued by the Court of Appeals on June 10, 2019 (d.e. 35, para. 34-37), all administrative employees except for plaintiffs Colón, Estarellas, and Piquer were invited to return to work; defendants specifically terminated plaintiffs by email on that same date (d.e. 31, para. 36). Taking the facts alleged in the Amended Complaint as true and making all reasonable inferences in plaintiffs' favor, it appears that plaintiff Colón could have returned to work along with all other administrative employees but for the termination letter issued on June 10, 2019. Accordingly, defendants' objection is overruled.

    2.    <u>Qualified Immunity</u>

Defendants next object to the R&R's finding that defendants are not entitled to qualified immunity as to Colón's First Amendment Claim.

Defendants argue that because defendants acted in accordance with a court order issued by the Puerto Rico Court of First Instance, which granted them the power to hire and fire Constellation personnel, they cannot be sued. However, as the R&R correctly concludes, defendants cannot exercise the powers granted by the court in a manner that violates a clearly established constitutional right.  For instance, a court order granting a government official the right to make personnel decisions would not immunize the official if he decided to terminate all black employees based on their race.  As the right to freedom from retaliation for protected speech is clearly established, defendants' objection as to qualified immunity is overruled.

### 3.    Rooker Feldman Doctrine

Defendants object to the R&R's finding that the Rooker Feldman doctrine does not apply. As the only claims to survive defendants' Motion to Dismiss are plaintiff Colón's Freedom of Expression Claim and plaintiff Piquer's Right to Petition Claim, each of which seeks to vindicate an independent First Amendment right rather than merely relitigate the holdings of the state court, this objection is overruled.

### 4.    Consideration of Documents Not Attached to Complaint

Defendants object to the consideration of any documents attached to docket entry 37, which the United States Magistrate Judge states that he relied upon.  The Court agrees that the documents submitted as Exhibit 1 may not be considered as they were not attached to and are not integral to the Complaint. However, Exhibits 2 and 3 consist of public court documents, which

the Court may take notice of. Accordingly, the Court sustains defendants' objection as to Exhibit 1. The Court does not adopt any factual findings found in the R&R that originate in Exhibit 1 of docket entry 37, and has not relied on these documents when engaging in the above *de novo* review of the issues addressed in the R&R.

## CONCLUSION

Having considered each parties' Objection and conducted *de novo* review, the Court finds that the R&R is supported by both the record and the law. Accordingly, the Court AFFIRMS AND ADOPTS the Magistrate Judge's R&R (**d.e. 51**) IN FULL; GRANTS Defendants' Motion to Dismiss (**d.e. 38**) except as to Colón's Freedom of Expression Claim; and finds the Motion for Preliminary Injunction (**d.e. 2**) MOOT except as to Colón's Freedom of Expression Claim.

SO ORDERED.

In San Juan, Puerto Rico this 30th day of January, 2020.

S/GUSTAVO A. GELPÍ
Chief United States District Judge